Application of HANSEN et al.

Patent Appeal No. 6038.

United States Court of Customs and Patent Appeals.

June 24, 1954.

Francis J. Klempay, Youngstown, Ohio (James M. Graves, Washington, D. C., of counsel), for appellants.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges

COLE, Judge.

"Fluid Pressure Actuator for Machine Components" is the subject matter of the patent application involved herein, Serial No. 11,302, filed February 26, 1948. The Board of Appeals of the United States Patent Office affirmed the decision of the Primary Examiner rejecting claims 10, 11 and 16 of the application for lack of invention over the prior art. Other claims, which were more specific, have been allowed.

It is the contention of the applicants that the invention, as disclosed in their application, is dependent for adequate patent protection upon allowance of the rejected claims. Hence, this appeal seeking a review of the board's ruling with respect to the patentability of the appealed claims, claim 16 of which is representative and reads as follows:

"16. In apparatus for moving a rectilinearly guided machine component in either direction the combination of relatively fixed nested inner and outer cup-shaped housings aligned substantially axially with respect to each other and with respect to the longitudinal axis of said machine component and with the open ends of said cup-shaped housings directed toward said component, a cup-shaped member nesting over said inner housing and movable centrally and longitudinally in said outer housing, an inner annular flexible diaphragm ring having its inner edge secured to said inner housing and its outer edge secured to said member to form a first pressure chamber, an outer annular flexible diaphragm ring having its outer edge secured to the side wall of said outer housing and having its inner edge secured to said member to form a second pressure chamber, said diaphragm rings having rolling contact with the side walls of said housings and member during normal movement of said member in either direction, means to conduct fluid under pressure to said pressure chambers, and means rigidly secured

to said member and extending axially outward of the open end thereof radially outward of said inner housing and connected to said component whereby said component may be moved in either direction with a minimum of operator inertia and friction."

alleged invention was concisely described by the applicants, in their brief, and this is especially so, in our opinion, when such description is read in conjunction with Figure 1 of the application, reproduced herewith, which presents a schematic view of a spot welder incorporating the claimed inventive features of

In the brief filed by the Solicitor for the Patent Office, it was stated that the applicants' fluid pressure operated motor. We quote, therefore, as follows:

"The claims on appeal are directed to [a] * * * double-acting fluid motor * * *. This ·motor is of peculiar construction in that it comprises *fixed nested inner and outer cup-shaped housings* (19A and 19–20, respectively), *a movable cup-shaped member nesting over the inner housing* (21) together with an *inner annular flexible diaphragm ring* (27) which has its inner edge secured to the inner housing and its outer edge secured to said member, and *an outer annular flexible diaphragm ring* (28) which has its outer edge secured to the outer housing and its inner edge secured to said member. This assembly defined as above, is recited in each of claims 10, 11 and 16 on appeal and claims 11 and 16, additionally are more specific in reciting mechanical driving means (29, 35, 36) connected to the open end of the intermediate or movable member.

"The peculiarity of the above recited construction, particularly the nesting arrangement of the three principal cup-shaped members of the assembly and the use of the annular diaphragms in the relation recited, effects [a] * * * fluid pressure actuator capable of forcibly moving an independently guided machine component (a slide, for example) in either direction in a more frictionless manner than heretofore possible by the use of known devices of the prior art. By referring to the applicants' drawing [as reproduced herein], it will be noted that the above recited structure provides a double-acting fluid motor in which a first pressure chamber (below the wall 21) is formed to move the wall 21 upwardly upon the application of fluid pressure to the supply conduit 38 to thereby raise the slide or ram 14 which is connected to the wall or cup 21 by the rods 35. There is also provided a second pressure chamber (above the wall 21) which upon receiving fluid pressure through the supply ˙conduit 37 operates to move the member 21 and consequently the slide 14 in a downward direction. *It should be particularly noted that the rolling diaphragms 27 and 28 are flexible and hence are substantially frictionless in operation and that no slide packings of any kind are required about the mechanical connections between the movable cup member 21 of the fluid motor assembly and the machine component slide 14.* All of this is the * * * solution of the applicants' general object stated in their specification as follows: 'The primary object of the invention is the provision of a practical and inexpensive fluid pressure actuated motor operative to effect linear or reciprocating motion in a machine element in a frictionless manner and with a minimum of starting and operating inertia * * which is. double-acting in its operation * ˙* *. ·Thus, the fluid sealing is accomplished by the freely flexing rings and in this manner a double-acting fluid motor of appreciable stroke may be provided without the use of stuffing glands which in the case of air operated cylinders, particularly, make for erratic movement responses of the connected driven element.'" [Italics quoted.]

The applicants state that the essence of their invention resides in the inter-arrangement of the three cup-shaped members, 19, 19A and 21, with the two flexible annular diaphragm rings, 27 and 28. Applicants believe that the claimed mechanism presents, for the first time, an ingenious double-acting fluid motor of great utility in that, *inter alia,* it dispenses with the need for slide packing or stuffing boxes, does not require precise axial alignment with the machine component being operated, and also dispenses with the need for conventional sliding piston and piston ring fits such as are necessary, for example, in conventional air cylinders. That the diaphragms are flexible and consequently

aid in the elimination of friction is likewise an important consideration and is fully explained in the foregoing description.

The crux of the issue at bar is whether applicants' device, as set forth in the claims on appeal, would be an obvious expedient to one skilled in the art in the light of the following references, all of which we deem to be in analogous art:

| | | |
|---|---|---|
| Naylor (British) | 3,058 | of 1884 |
| Hinds | 368,089 | Aug. 9, 1887 |
| Lipkowski | 549,800 | Nov. 12, 1895 |
| Spohrer | 1,414,835 | May 2, 1922 |
| Karibo et al | 1,751,277 | Mar. 18, 1930 |
| Kuskin | 2,140,458 | Dec. 13, 1938 |
| Corin | 2,349,846 | May 30, 1944 |

In the proceedings before the Patent Office, claims 10 and 11 were rejected as being unpatentable over either of the basic references, Lipkowski, Karibo et al. or Corin, in view of either of the secondary references, Hinds or Spohrer. Claim 16 was rejected on the same references with the addition of either Kuskin or Naylor.

All of the elements recited in the appealed claims concededly being old in the motor art, applicants necessarily take the position that their device is not an obvious combination of such elements but, on the contrary, is an inobvious and inventive combination producing new and unexpected results when measured in terms of improvement over prior art structures, and when the test to determine obviousness is applied and viewed in the proper perspective, i. e., at the time, and in the light of the state of the art, when the device in question was actually made.

In brief, each of the basic or principal references cited against the claims on appeal shows a double-acting fluid cylinder with conventional piston and piston ring fits. The secondary references, Hinds and Spohrer, each discloses a single-acting fluid motor using a flexible diaphragm for at least part of a wall of the expansible chamber. The disclosures of the foregoing reference patents, particularly the specifications and drawings of Hinds and Spohrer, are exceptionally concise and detailed.

The analysis of applicants' device and corresponding elements in the basic references is clearly, and we feel correctly, set forth by the examiner in this fashion:

| Applicants | Karibo Figs. 1 & 10 | Lipkowski Fig. 4 | Corin Fig. 4 |
|---|---|---|---|
| cylinders 19a–24–19 | 36–15–6 | h | 8b–5 |
| cylinder 20–22 | 1–2 | E–G | 6a–6b |
| movable wall 21 | 31 | H | 7–8 |
| seal means 27–28 | packing 32–37 | packing for piston H | packing for piston 7–8 |
| pipes 37–38 | 58 & 60 | C′ & D′ | 28 & inlet port to left of 7 |

Based on the above table of equivalent elements, the examiner concluded that the only distinction between the variable volume chamber of the claims and that of the principal Lipkowski, Karibo et al. or Corin references was in the form of the packing or sealing means used for sealing the movable wall, the references utilizing packing cups or the like between their movable wall or piston and stationary cylinder walls, while applicants provide flexible diaphragm means. It was the examiner's further position that such diaphragm sealing means is shown in the patents to either Hinds or Spohrer, the secondary references, as well as in Naylor and Kuskin, other secondary references used solely in connection with the rejection of claim 16. In this respect, it was additionally asserted that Hinds

and Spohrer each teach the equivalency and interchangeability of the two types of sealing means. As to claims 10 and 11, therefore, the examiner held that there was no invention in merely replacing the packings of the pistons of the basic references by diaphragm seal means as disclosed in either Hinds or Spohrer.

In its affirmance of the examiner's rejection of claims 10 & 11, the Board of Appeals stated:

" * * * no new and unexpected results would be obtained by replacing the packings between the movable walls and the cylinders of the Lipkowski, the Karibo et al. and the Corin patents, * * * by flexible diaphragm sealing means particularly as taught in either the Hinds or the Spohrer patent. We note that the Hinds and the Spohrer patents teach the equivalency of cup sealing means and diaphragm sealing means. The Hinds patent discloses in Fig. 1 a diaphragm seal Q between a piston or movable wall L and a cylinder R, S, and in Fig. 3 a cup packing L between equivalent structure. The Spohrer patent discloses a diaphragm seal in Fig. 2 and a cup packing in Fig. 6 between equivalent structure. We think that the flexible diaphragm sealing means which could be employed in the primary references as taught by either the Hinds or the Spohrer patent would function in substantially the same manner to produce substantially the same results as the diaphragms in the Hinds and the Spohrer patents."

As to appealed claim 16 and the feature therein expressed relative to the diaphragm rings 27 and 28 having rolling contact with the side walls of the fixed housings 19–20, and 19A and movable wall 21, the examiner held that it is well-known in the diaphragm seal art, as evidenced by Hinds and Spohrer and additionally by Kuskin and Naylor, to cause such seals to roll on the adjacent sealed surfaces. More particularly, the board, in concurring with the examiner's view, stated:

" * * * we believe that the Examiner considers that the diaphragms of the Hinds and the Spohrer patents as applied to the mechanisms of the Lipkowski, the Karibo et al. and the Corin patents would necessarily roll on the surfaces of the sealed members as shown in the Hinds and Spohrer patents, and further, that the diaphragms could be made to roll on the surfaces of the sealed members of the Lipkowski, the Karibo et al. and the Corin patents without producing new and unexpected results particularly since such an expedient is old in the art as additionally shown by the Naylor and the Kuskin patents. * * *

" * * * we believe that the flexible diaphragms applied to the mechanisms of the Lipkowski, the Karibo et al. and the Corin patents as taught by either the Hinds or the Spohrer patents would necessarily roll on the adjacent surfaces of the sealed members in substantially the same manner as shown in either of the latter patents and, further, that no new and unobvious results would be accomplished by making the diaphragms roll on the adjacent surfaces of the sealed members particularly as further taught by the Naylor and the Kuskin patents. * * * "

The applicants urge that the examiner and Board of Appeals, in rejecting the claims in issue, did so on the basis of various hypothetical structures taken from isolated components shown in the references of record, thus building a fictional structure to meet the device first suggested and disclosed by applicants. The substance of this contention is sought to be supported by the applicants, in their brief, wherein they discuss in detail the nature and purposes of the prior art structures and conclude therefrom that such structures would

not suggest the mechanism as defined in the appealed claims.

While we recognize, as stated by applicants, that "the problem of providing a practical double-acting fluid motor employing flexible and/or rolling diaphragms to eliminate friction, sliding fits and packing glands as well as eliminating operating friction is not so simple as merely substituting diaphragms for piston cup-leathers, packing glands and the like," it is our considered opinion that the prior art of record suggests doing what applicants have done without the combining and modification of such prior art features amounting to an exercise of the inventive faculty. The question of what would be obvious to one skilled in the art is a matter of individual opinion and, in holding as we have, we are in full agreement with the reasons assigned by the Board of Appeals for rejecting applicants' efforts. In reaching this result, however, we have not been unmindful of the fact that the construction and introduction into the art of applicants' mechanism will perhaps represent an improvement in the motor art. Appropriately, we have weighed such a factor in adjudging the status of applicants' device. Nor have we been unmindful of the rule laid down in cases such as In re Sullivan, 188 F.2d 384, 38 C.C.P.A., Patents, 961, and In re Osplack, 195 F.2d 921, 39 C.C.P.A., Patents, 932, cautioning against the consequences likely to attend a side by side comparison of the newly presented and fully explained combination with the prior art disclosures, solely in view of the applicants' disclosure rather than the obvious teachings of the prior art, whereby one might almost unconsciously be led to regard modifications as requiring mere mechanical skill rather than the inventive effort that actually was required.

The thought that the cup seals of the principal references could be replaced by the diaphragm means of the secondary Hinds and Spohrer references is, we think, of basic suggestion in the prior art disclosures, and we further feel that other necessary modifications of the reference structures to effect the mechanical design of applicants' device would similarly be apparent to one skilled in the art. As it is clear that either Hinds or Spohrer teaches the interchangeability and equivalency of the two types of seal means herein discussed, the substitution of one such equivalent for the other, even though improvement should result in such substitution, cannot ordinarily be considered as constituting an inventive act. In this respect, in the brief filed by the solicitor, it is said:

"* * * In comparing the merits of the annular or cup shaped packing with the diaphragm type, Hinds particularly points out that under enumerated conditions '* * it is better to employ the diaphragm, as working with less friction.'

"In view of the foregoing positive teaching of the prior art, appellants' arguments as to their device working in a more frictionless manner are submitted to be entitled to little weight here.

"* * * appellants urge that 'It therefore seems absurd to contend that it would be obvious to a person even though highly skilled in the art that the Karibo et al. mechanism would be improved by substituting annular diaphragms for the cup-leather packings in the cylinder assembly.'

"Notwithstanding appellants' foregoing argument, it is nevertheless submitted to be quite obvious to the skilled worker in the art, from the positive disclosure of Hinds hereinbefore quoted, that the annular diaphragms may be substituted for the cup-leather packings with the expected result of 'working with less friction,' the precise point which appellants seem to urge in their brief as being the alleged improvement in the structure covered by the appealed claims as compared with the construction of the basic references."

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.